MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 128,760

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELI EDWARD GIBSON IV,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Submitted without oral argument. Original opinion filed June 26, 2026. Modified opinion filed July 17, 2026. Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD, J., and ANDREW M. STEIN, District Judge, assigned.

PER CURIAM: Eli Edward Gibson IV appealed from the district court's calculation of jail time credit, arguing he was entitled to more jail time credit than he received. We issued a memorandum opinion on June 26, 2026, vacating Gibson's sentence and

---

[1] **REPORTER'S NOTE**: Opinion No. 128,760 was modified by the Court of Appeals on July 17, 2026, in response to the State's Motion for Reconsideration or Rehearing. The opinion dated June 26, 2026, is set aside.

1

remanding for the district court to make any necessary findings and award Gibson the appropriate amount of jail time credit.

On June 29, 2026, the State filed a notice of change of custody advising this court that Gibson was released from custody in February 2026. On July 1, 2026, the State timely moved for reconsideration or rehearing, suggesting this case was moot because Gibson had served the entirety of his prison sentence. Gibson did not respond to the State's motion. We grant the State's motion, set aside our prior opinion, and dismiss Gibson's appeal as moot. The following is our modified opinion in this appeal.

In January 2023, Gibson pled no contest to and was convicted of one count of unlawful possession of a controlled substance, a severity level 5 drug felony. At the time of sentencing, Gibson was also on probation in a case from Crawford County. Gibson moved for a downward dispositional departure to probation, and the State joined in the recommendation. The district court sentenced Gibson to an underlying prison sentence of 40 months, to run consecutive to the underlying prison sentence in his Crawford County case, and granted Gibson a departure to probation. Probation supervision was transferred to Springfield, Missouri, where Gibson resided.

On December 21, 2023, the State moved to revoke Gibson's probation, alleging various violations of probation conditions. The district court issued a warrant for Gibson's arrest that day. Gibson was not arrested on this warrant until November 19, 2024.

On December 6, 2024, the district court held a probation revocation hearing. Gibson stipulated to violating probation conditions. Gibson testified that, while the Kansas warrant was outstanding, he was incarcerated in Desha County, Arkansas, beginning in mid-January 2024, for six months, in relation to probation revocation proceedings from a 2017 conviction. The district court revoked Gibson's probation and imposed a modified prison sentence of 24 months.

2

Gibson appealed, challenging the district court's failure to award sufficient jail time credit. While the case was pending on appeal, Gibson was released from the prison portion of his sentence.

Although we were not notified of Gibson's change in custody until June 29, 2026, the jail time credit issue became moot when he was released from prison on February 3, 2026. In *State v. Phipps*, 320 Kan. 616, 624, 570 P.3d 1240 (2025), the Kansas Supreme Court held that "because [Phipps] has completed his sentence and been released from custody, any decision regarding the appropriateness of his sentence would not have an impact on his rights. . . . Consequently, Phipps' challenge to his sentence is moot. [Citation omitted.]" Further, the jail time credit issue does not affect postrelease supervision. *State v. Gaudina*, 284 Kan. 354, Syl. ¶ 1, 160 P.3d 854 (2007) ("A defendant who is resentenced after serving time in prison is not entitled to credit against a postrelease supervision period for the amount of time served in prison in excess of the prison time imposed at the resentencing.").

We lost jurisdiction over the jail time credit issue once Gibson was released from prison. See *Phipps*, 320 Kan. at 619 ("[O]nce a court determines that an issue is moot, jurisdiction over that issue or question ends."); *State v. Delaney*, No. 124,756, 2023 WL 2558616, at *2 (Kan. App. 2023) (unpublished opinion) (jail time credit challenge moot despite being on postrelease supervision). Because we lack jurisdiction, we set aside our prior opinion vacating Gibson's sentence and remanding for resentencing.

Gibson is no longer in custody. On appeal, the sole issue involves the award of jail time credit. Because determining whether the district court awarded the appropriate amount of jail time credit would not impact Gibson's rights, Gibson's challenge is moot. Therefore, we dismiss Gibson's appeal for lack of jurisdiction.

Appeal dismissed.